UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION


UNITED STATES OF AMERICA

      Petitioner,

Case No.: 22-cr-60078-RAR-2

v.

WILSON TIRADO-SILVA

      Defendant.

_____/

## <u>MOTION TO REQUEST APPOINTMENT OF LEARNED COUNSEL PURSUANT TO 18 U.S.C. § 3005</u>

COMES NOW the Defendant, WILSON TIRADO-SILVA, by and through undersigned counsel, moves this Honorable Court for an order appointing counsel "learned in the law applicable to capital cases" (hereinafter "learned counsel") under 18 U.S.C. § 3005. In support thereof, he states:

***Procedural History***

1.      On or about July 27, 2022, the grand jury returned a Superseding Indictment charging Mr. Tirado-Silva and four other individuals with four counts.[1]

2.      On August 10, 2022, Mr. Tirado-Silva came before the Court for his Initial Appearance. (D.E. 47). At that time, the Court appointed the undersigned counsel. (*Id.*).

3.      On August 15, 2022, Mr. Tirado-Silva appeared before the Court for status re: counsel, detention hearing, and arraignment. (D.E. 51).

4.      On August 23, 2022, this case comes before the Court for a telephonic status conference. (D.E. 53).

---

[1] The current Superseding Indictment is filed under seal and therefore undersigned is unable to obtain the docket entry.

5.       The Superseding Indictment charges Mr. Tirado-Silva with four separate counts of 18 U.S.C. 1959(a)(1) (Murder in Aid of Racketeering), including Notice of Special Findings. If convicted of 18 U.S.C. § 1959(a)(1), Mr. Tirado-Silva faces the maximum punishment of death.

6.       The United States Attorney's Office may seek authorization from the Attorney General of the United States to seek the penalty of death, in the event that Mr. Tirado-Silva is convicted of Counts 1-4.

7.       At this time, undersigned respectfully requests for the appointment of CJA counsel Peter Patanzo of Benjamin, Aaronson, Edinger & Patanzo, PA, 1700 E. Las Olas Blvd. Suite. 202, Ft. Lauderdale, Florida 33301 as learned counsel.

8.       The undersigned has conferred with Michael Caruso, Federal Defender for the Southern District of Florida, regarding the relief requested herein. Defender Caruso advised that he will defer to the Federal Death Penalty Resource Counsel.

9.       The undersigned has conferred with Steven Potolsky of the Federal Death Penalty Resource Counsel, who advised that he concurs with the relief requested.

## MEMORANDUM OF LAW

18 U.S.C. § 3005 provides:

> Whoever is indicted for treason or other capital crime shall be allowed to make his full defense by counsel; and the court before which the defendant is to be tried, or a judge thereof, shall **promptly**, upon the defendant's request, assign 2 such counsel, of whom at least 1 shall be learned in the law applicable to capital cases, and who shall have free access to the accused at all reasonable hours. In assigning counsel under this section, the court shall consider the recommendation of the Federal Public Defender organization, or, if no such organization exists in the district, of the Administrative Office of the United States Courts.

(emphasis added). In a grant of "advisory mandamus," the First Circuit Court of Appeals held that the use of "promptly" in Section 3005, "means promptly after indictment, not (as the government asserts) only after the Attorney General has made a determination to seek the death penalty". *In re Sterling-Suarez*, 306 F.3d 1170 (1st Cir. 2002).

Policy and guiding commentary echoes the interpretation provided in *In re Sterling-Suarez*, 306 F.3d 1170. Chapter Six of the Guide to Judiciary Policy published by the U.S. Courts to aid in administering CJA Guidelines provides that "at the outer of every capital case, courts should appoint two attorneys, at least one of whom is experienced in and knowledgeable about the defense of death penalty cases." The Guide to Judiciary Policy, Ch. 6 §620.30, available at https://www.uscourts.gov/rules-policies/judiciary-policies/cja-guidelines/chapter-6-ss-620-appointment-counsel-capital-cases (last visited Aug. 16, 2022). Furthermore, "[a]ll attorneys appointed in federal capital cases should comply with the American Bar Association's 2003 Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases (Guidelines 1.1 and 10.2 et seq.) and the 2008 Supplementary Guidelines for the Mitigation Function of Defense Teams in Death Penalty Cases." Guide to Judiciary Policy, Vol. 7A, Appx. 2A: Model Plan for Implementation and Administration of the Criminal Justice Act, XIV.B.9.

The American Bar Association Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases (2003) recognizes the application of the guidelines for representation in death eligible cases "from the moment the client is taken into custody and extend to all stages of every case in which the jurisdiction may be entitled to seek the death penalty, including initial and ongoing investigation, pretrial proceedings, trial, postconviction review, clemency proceedings and any connected litigation." Guidelines available at https://www.americanbar.org/content/dam/aba/administrative/death_penalty_representation/2003guidelines.pdf (last visited Aug. 16, 2022). While the American Bar Association does not reference "critical proceedings," it is arguable that the appointment of learned counsel for all critical proceedings is necessary. Indeed, the Supreme Court, "the realities of modern criminal prosecution, the critical proceedings at which counsel's assistance is required more and more often occur outside the courtroom in pretrial proceedings "where the results might well settle the accused's fate and reduce the trial itself to a mere formality." *Montejo v. Louisiana*, 556 U.S. 778 (2009)(citing *United States v. Wade*, 388 U.S. 218, 224 (1967)).

Section 3005 explicitly provides for this Court to "consider the recommendation of the Federal Public Defender organization". Additionally, the Report of the Proceedings of the Judicial

Conference of the United States was published to reflect Interim Recommendation 27 providing that "[i]n appointing counsel in capital cases, judges should consider and give due weight to the recommendations by federal defenders and resource counsel and articulate reasons for not doing so." *See* Guide to Judiciary Policy, Vol. 7A available at: https://www.uscourts.gov/sites/default/files/2019-03_proceedings_0.pdf (last visited Aug. 16, 2022).

In the instant case, undersigned counsel does not meet the qualifications of "learned counsel" set forth in 18 U.S.C. § 3005, 18 U.S.C. § 3599, and § 620.30 of the CJA Guidelines. As such, Mr. Tirado-Silva, by and through undersigned counsel, respectfully requests this Court appoint a second attorney to serve as learned counsel in this matter. Undersigned counsel respectfully requests that this Court appoint fellow CJA counsel Peter T. Patanzo as learned counsel. Pursuant to policy set forth in §3005, the undersigned counsel has conferred with Michael Caruso, Federal Defender for the Southern District of Florida, who deferred to the Federal Death Penalty Resource Counsel for a recommendation as a result of his office's appointment to a co-defendant. The undersigned has conferred with Steven Potolsky of the Federal Death Penalty Resource Counsel, who concurs in the recommendation.

Undersigned counsel has discussed this matter with Peter Patanzo, who is a member of this Court's CJA panel and is qualified as learned counsel. Mr. Patanzo has been a practicing attorney since 1999. He has been on the CJA panel since 2005. Mr. Patanzo began his career as an Assistant State Attorney in Broward County where he accumulated significant trial experience, including homicide cases. Mr. Patanzo entered private practice in 2004, where he gained experience handling death eligible cases. In fact, Mr. Patanzo is presently qualified in Circuit Courts throughout the State of Florida to accept court appointed death eligible cases. Mr. Patanzo tried to verdict a 22-month long death penalty case in Broward Circuit Court involving the killing of Broward Sheriff's Deputy and the Attempted Murder of a second Deputy Sheriff. Mr. Patanzo is counsel of record in two pending death eligible cases pending in Circuit Court. Since entering private practice, Mr. Patanzo has obtained a unique understanding of the litigation in death eligible cases.

In conclusion, Mr. Tirado-Silva, by and through undersigned counsel, respectfully submits to this Court that appointment of learned counsel is necessary at this time to guarantee adequate representation of Mr. Tirado-Silva. Specifically, the undersigned counsel respectfully requests for Peter Patanzo to be appointed as learned counsel.

**WHEREFORE**, Mr. Tirado-Silva respectfully requests this Court appoint Peter T. Patanzo as learned counsel to guarantee adequate representation in this action.

Respectfully Submitted this 16th day of August 2022,

/s/ *Lydia Pittaway*
Florida Bar No. 44790
Pittaway Law P.L.L.C.
200 S. Indian River Dr., Ste. 301
Fort Pierce, FL 34950
Phone: 772-494-1821
Fax: 407-674-2524
Lydia@PittawayLaw.us

## CERTIFICATE OF SERVICE

On August 16, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all parties of record.

*/s/ Lydia Pittaway*
Florida Bar No. 44790