UNITED STATES DISTRCT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

vs.

CASE NO. 22-60078-CR-RUIZ

ANDY TOVAR,

Defendant.
_____/

## MOTION FOR AN ORDER INSTRUCTING FDC TO FACILITATE IN PERSON MEETINGS BETWEEN UNDERSIGNED AND DEFENDANT

COMES NOW, Defendant, ANDY TOVAR, and moves this Court for an order instructing FDC to facilitate in person meeting between undersigned counsel and Defendant and in support thereof states as follows:

1. Defendant has been in held in SHU since his arrival at FDC Miami on or about December 2022.

2. On January 4, 2023, undersigned counsel attempted to meet with Defendant at FDC but was unable to have a meaningful meeting. The meeting while Defendant is held in the SHU unit is through a thick glass separating undersigned from the Defendant and the telephone intended for communication was not operating. Undersigned counsel and Defendant were forced to yell at each other thru the glass to be able to communicate.

3. Undersigned counsel has contacted FDC on several occasions regarding the above referenced obstruction and has not had cooperation from FDC. See attached communications with FDC attached as *Exhibit A*.

4. Discovery has been received and undersigned has not been able to meet with Defendant to discuss it because of his housing situation in the SHU.

5. Defendant has communicated to undersigned that he is still in SHU and The Captain has informed him he will not be let out until a higher up tells him to do so due to his "gang affiliation", not because of anything he has done to violate rules.

6. If FDC cannot house Defendant outside of the SHU due to his affiliation with MS13 members and BOP policies, undersigned counsel requests that FDC accommodate Defendant and undersigned counsel in a conference or meeting area that allows a "contact visit" for conferences in preparation of this case including reviewing discovery. The present meeting conditions are unacceptable and prohibit Defendant and undersigned counsel from properly preparing in this case.

7. Additionally, undersigned counsel requests that he be allowed to bring in his laptop for the exclusive reason of reviewing and sharing discovery with the Defendant.

8. Also, learned counsel, Ed Ungvarsky, intends to visit and meet with the Defendant monthly as well as an investigation and mitigation expert.

9. Undersigned counsel has conferred with AUSA Brian Dobbins who has informed The Government is opposed to the granting of the instant motion.

WHEREFORE, Defendant respectfully requests that this Court grant this its motion to modify pre-trial conditions of bond, and whatever other relief it deems just and reasonable.

Respectfully submitted,

\_\_\_/s/ Emmanuel Perez\_\_
Emmanuel Perez

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/EFC which sent e-mail notification of such filing to Jeremy Thompson, AUSA, jeremy.thompson3@usdoj.gov Edward J. Ungvarsky, Esquire, ed@ungvarskylaw.com and all CM/EFC participants in this case on this 16th day of February 2023.

By: \_\_\_/s/ EMMANUEL PEREZ\_\_
EMMANUEL PEREZ
F.B.N. 586552
901 Ponce de Leon Blvd.
Suite 101
Coral Gables, FL  33134
Tel: 305-442-7443
courtmail@lawperez.com