UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-60078CR-RUIZ

**UNITED STATES OF AMERICA,**

      Plaintiff,

v.

**MELVIN DAVID CRUZ-ORTIZ,**

      Defendant.

_____/

## DEFENDANT'S MOTION REQUESTING APPOINTMENT OF CO-COUNSEL PURSUANT TO 18 U.S.C. §3005

Defendant **MELVIN DAVID CRUZ-ORTIZ**, by and through the undersigned counsel, pursuant to 18 U.S.C. §3005, files this motion for appointment of co-counsel, and states the following in support:

1. On July 13, 2022, Defendant was charged by superseding indictment with Murder in Aid of Racketeering Activity, in violation of 18 U.S.C. § 1959(a)(1) and (2) [Count 1]; Murder in Aid of Racketeering Activity, in violation of 18 U.S.C. § 1959(a)(1) and (2) [Count 3]; and Murder in Aid of Racketeering Activity, in violation of 18 U.S.C. § 1959(a)(1) and (2) [Count 4]. The superseding indictment alleges a notice of special findings. The maximum punishment on Counts 1, 3 and 4 is Death. [DE 29].

The United States Attorney's Office may seek authorization from the Attorney General of the United States to seek the penalty of death in the event Mr. Cruz-Ortiz is convicted on Counts 1, 3 and/or 4.

2. The undersigned was appointed to represent Mr. Cruz-Ortiz on February 10, 2023. At this point, the undersigned requests for the appointment of CJA counsel Stuart Adelstein, Esq., 2929 S.W. Third Avenue, Suite 412, Miami, FL 33129, as co-counsel.

3. The undersigned has conferred with Steven Potolsky, Esq., of the Federal Death Penalty Resource Counsel, who advised the he concurs with the relief requested.

## **MEMORANDUM OF LAW**

18 U.S.C. §3005 provides:

Whoever is indicted for treason or other capital crime shall be allowed to make his full defense by counsel; and the court before which the defendant is to be tried, or a judge thereof, shall promptly, upon the defendant's request, assign 2 such counsel, of whom at least 1 shall be learned in the law applicable to capital cases, and who shall have free access to the accused at all reasonable hours. In assigning counsel under this section, the court shall consider the recommendation of the Federal Public Defender organization, or, if no such organization exists in the district, of the Administrative Office of the United States Courts.

Chapter Six of the Guide to Judiciary Policy published by the U.S. Courts to aid in administering CJA Guidelines provides that "at the outset

of every capital case, courts should appoint two attorneys, at least one of whom is experienced in and knowledgeable about the defense of death penalty cases." The Guide to Judiciary Policy, Ch. 6 §620.10.10(a), available at https://www.uscourts.gov/rules-policies/judiciary-policies/cja guidelines/chapter-6-ss-620-appointment-counsel-capital-cases (last visited February 22, 2023). Furthermore, "[a]ll attorneys appointed in federal capital cases should comply with the American Bar Association's 2003 Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases (Guidelines 1.1 and 10.2, et seq.) and the 2008 Supplementary Guidelines for the Mitigation Function of Defense Teams in Death Penalty Cases. Guide to Judiciary Policy, Vol. 7A, Appx. 2A: Model Plan for Implementation and Administration of the Criminal Justice Act, XIV.B.10.

The American Bar Association Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases (2003) recognizes the application of the guidelines for representation in death eligible cases "from the moment the client is taken into custody and extend to all stages of every case in which the jurisdiction may be entitled to seek the death penalty, including initial and ongoing investigation, pretrial proceedings, trial, postconviction review, clemency proceedings

and any connected litigation." These Guidelines are available at https://www.americanbar.org/content/dam/aba/administrative/death_penalty_representation/2003guidelines.pdf (last visited February 22, 2023). *See* Guideline 1.1(A). While the American Bar Association does not reference "critical proceedings," it is arguable that the appointment of counsel for all critical proceedings is necessary. Indeed, Justice Stevens pointed out "the realities of modern criminal prosecution, the critical proceedings at which counsel's assistance is required more and more often occur outside the courtroom in pretrial proceedings `where the results might well settle the accused's fate and reduce the trial itself to a mere formality.'" *Montejo v. Louisiana*, 556 U.S. 778, 811 (2009)(Stevens, J., dissenting)(quoting *United States v. Wade*, 388 U.S. 218, 224 (1967)).

Section 3005 explicitly provides for this Court to "consider the recommendation of the Federal Public Defender organization." The judicial conference policy expands upon this statutory requirement and provides that:

"Judges should consider and give due weight to the recommendations made by federal defenders and resource counsel and articulate reasons for not doing so. JCUS-MAR 2019, pp. 18-20." §620.30, *Procedures for Appointment of Counsel in Federal Death Penalty Cases,* Guide to Judiciary Policy, *supra.*

In this case, the undersigned meets the qualifications of "learned counsel" set forth in 18 U.S.C. §3005, 18 U.S.C. §3599, and §620.30 of the CJA Guidelines.  18 U.S.C. §3005 provides, however, that an individual faced with a capital crime is entitled to two counsel, *at least* one of whom is learned in the law applicable to capital cases.  As such, Mr. Cruz-Ortiz, by undersigned counsel, respectfully requests this Court appoint a second attorney.  The undersigned respectfully requests that this Court appoint Stuart Adelstein, who is likewise learned counsel.  Steven Potolsky, Esq., of the Federal Death Penalty Resource Counsel, concurs in this recommendation.  The undersigned has conferred with Mr. Stuart Adelstein, who is a member of this Court's CJA panel and is qualified as learned counsel.  Mr. Adelstein has been a practicing attorney for decades in this community and has worked on and tried numerous capital cases in both state and federal courts.

In conclusion, Mr. Cruz-Ortiz, by and through undersigned counsel, respectfully submits to this Court that appointment of Mr. Stuart Adelstein as co-counsel is necessary at this time to guarantee adequate representation of Mr. Cruz-Ortiz.

WHEREFORE, Defendant MELVIN DAVID CRUZ-ORTIZ requests that this Court enter an order appointing Stuart Adelstein as co-counsel in this case.

        Respectfully submitted,

        LAW OFFICES OF
        J. RAFAEL RODRIGUEZ
        Attorneys for Melvin David Cruz-Ortiz
        6367 Bird Road
        Miami, FL   33155
        (305) 667-4445
        (305) 667-4118 (FAX)
        jrafrod@bellsouth.net

        By: *s/ J. Rafael Rodríguez*
           J. RAFAEL RODRÍGUEZ
           FLA. BAR NO. 0302007

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF on this 22nd day of February, 2023.

        *s/ J. Rafael Rodríguez*
        J. RAFAEL RODRÍGUEZ