UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-60078-CR-RUIZ

UNITED STATES OF AMERICA

    Plaintiff,
vs.

WILBER VIGIL-BENITEZ
    Defendant.
_____/

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

The Defendant, WILBER VIGIL-BENITEZ, by undersigned counsel, submits the attached proposed jury instructions for inclusion by the Court in its charge to the jury. The defense reserves the right to modify, withdraw, supplement or substitute instructions as may be suggested by the evidence in the case before the charge conference. The defense also reserves the right to supplement these instructions in response to the government's presentation of its case and/or with an appropriate "Theory of the Defense" instruction prior to the charge conference.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of January 2025, the undersigned electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

                                                          */s/ Joseph S. Rosenbaum*
                                                          Joseph S. Rosenbaum, Esq.
                                                          Florida Bar No. 240206

                                                          **ROSENBAUM & ACEVEDO, L.L.P.**
                                                          100 SE 2nd Street, Suite 3400
                                                          Miami, Florida 33131
                                                          Tel: (305) 446-6099
                                                          Fax: (305) 675-6156
                                                          Email: jsr@rosenbaumacevedolaw.com

PROPOSED JURY INSTRUCTION NO. A

**Mere Presence**

Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed the crime of murder in aid of racketeering activity.

The defendant must be a participant and not merely a knowing spectator. The defendant's presence may be considered by the jury along with other evidence in the case.

You must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator. Simply being present at the scene of a crime or merely associating with certain people and discussing common goals is not sufficient.

Eleventh Circuit Pattern Jury Instruction for Aiding and Abetting, Instruction No. S7
Ninth Circuit Pattern Jury Instruction for Mere Presence, Instruction No. 6.10

PROPOSED JURY INSTRUCTION NO. B

**Fifth Element of Conspiracy to Commit Murder in Aid of Racketeering—Maintain or Increase Position**

The fifth element that the government must prove beyond a reasonable doubt as to Count Two, Count Five, Count Eight, Count Nine, and Count Thirteen of the Indictment is that a defendant's general purpose in conspiring to commit the murder was to maintain or increase position in the enterprise.

The government is required to prove that a defendant's general purpose was to maintain or increase position in, or aid and abet another's maintaining or increasing position, in the enterprise.

The government is not required to prove that it was a defendant's sole or principal motive. In determining whether a defendant's purpose was to maintain or increase position in the enterprise, or aid and abet another's maintaining or increasing his position in the enterprise, you should give the words "maintain" and "increase" their ordinary meanings. You should consider all of the facts and circumstances in making that determination.

1A O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u> § 15:06 (6th ed. updated August 2023).