UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 22-CR-60078-RUIZ(s)(s)

UNITED STATES OF AMERICA

v.

WILBER VIGIL-BENITEZ,

        **Defendant.**

_____/

## GOVERNMENT'S ADDENDUM TO PROPOSED JURY INSTRUCTIONS AND OBJECTIONS TO THE DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Defendant Wilber Vigil-Benitez ("Defendant" or "Vigil-Benitez") has filed proposed jury instructions [DE 289]. The United States, by and through the undersigned Assistant United States Attorney ("AUSA"), objects to the "Defendant's Proposed Jury Instructions" [DE 289] and submits the attached additional proposed jury instruction as an addendum to its previously filed "Proposed Jury Instructions," [DE 271], for inclusion by the Court in its charge to the jury.

**A. The government opposes the Defendant's "Proposed Jury Instruction No. B" and requests the below instruction:**

**Racketeering Enterprise—Proof of Purpose (18 U.S.C. § 1959)**

With respect to the fifth element in [Instruction O75.1], the government must prove beyond a reasonable doubt that the defendant's purpose was to gain entrance to, or to maintain, or to increase his position in the enterprise.

It is not necessary for the government to prove that this motive was the defendant's sole purpose, or even the primary purpose, in committing the charged crime. You need only find that enhancing his status in the enterprise was a substantial purpose of the defendant or that he committed the charged crime as an integral aspect of membership in the enterprise.

In determining the defendant's purpose in committing the alleged crime, you must determine what he had in mind. Because you cannot look into a person's mind, you have to determine purpose by considering all the facts and circumstances before you.

*See* Ninth Circuit Manual of Model Criminal Jury Instructions: 18.11 Racketeering Enterprise—Proof of Purpose (18 U.S.C. § 1959)

*See United States v. Banks*, 514 F.3d 959, 965 (9th Cir. 2008) ("[T]he purpose element is met if 'the jury could properly infer that the defendant committed his violent crime because he knew it was expected of him by reason of his membership in the enterprise or that he committed it in furtherance of that membership.'") (quoting *United States v. Pimentel*, 346 F.3d 285, 295-96 (2d Cir. 2003)). "VICAR's purpose element is satisfied even if the maintenance or enhancement of his position in the criminal enterprise was not the defendant's sole or principal purpose." *Banks*, 514 F.3d at 965. The law, however, requires a defendant's purpose be "more than merely incidental." *Id.* at 969. "[T]he gang or racketeering enterprise purpose does not have to be the only purpose or the main purpose of [a] murder or assault. But it does have to be a substantial purpose." *Id.* "Murder *while* a gang member is not necessarily a murder *for the purpose* of maintaining or increasing position in a gang, even if it would have the effect of maintaining or increasing position in a gang." *Id.*

*See United States v. Dixon* 901 F.3d 1322, 1342-3 (11th Cir. 2018) ("The government can establish the motive element with evidence 'that [the defendant] committed [the violent crime] because he knew it was expected of him by reason of his membership in [the gang] or that he committed [the violent crime] in furtherance of that membership.' *United States v. Robertson*, 736 F.3d 1317, 1330 (11th Cir. 2013) (citation and internal quotation marks omitted). For example, evidence that 'violence was a part of the group's culture,' 'that the group expected its members to ... engag[e] in violent acts,' or that the defendant reported his actions to prove himself or 'to brag,' *id.*, supports the inference that the defendant 'was motivated' by his membership, *id.* at 1331.")

*See United States v. Thompson,* No. 20-10373, 2023 WL 8015755, at *19 (11th Cir. Nov. 20, 2023) ("The government can establish the motive element in section 1959(a) 'with evidence that the defendant committed the violent crime because he knew it was expected of him by reason of his membership in the gang or that he committed the violent crime in furtherance of that membership.' *Dixon*, 901 F.3d at 1342–43 (cleaned up). '[E]vidence that 'violence was a part of the group's culture,' 'that the group expected its members to ... engag[e] in violent acts,' or that the defendant reported his actions to prove himself or 'to brag' supports the inference that the defendant 'was motivated' by his membership.' *Id.* at 1343 (citations omitted). 'What matters is whether the [evidence] supports the inference that [the defendant], at the time of the murder[ ], was motivated to kill others in order to bolster his credibility as a member of the group.' *United States v. Robertson*, 736 F.3d 1317, 1331 (11th Cir. 2013)."). *See* Jury Instructions in *United States v. Thompson,* 18-cr-205-T-02TGW, DE 403 at 42-43, (M.D. Florida 2019), attached as Exhibit 1.

### B. The government opposes the defendant's request for a mere presence instruction ("Proposed Jury Instruction No. A").

"A mere presence instruction is unnecessary if 'the government's case is based on more than just a defendant's presence, and the jury is properly instructed on all elements of the crime.' *United States v. Negrete-Gonzales,* 966 F.2d 1277, 1282 (9th Cir.1992); *see also United States v. Medrano,*

5 F.3d 1214, 1218-19 (9th Cir.1993). The appropriateness of the instruction thus depends upon what the government proved about the defendant's alleged involvement in the crime: 'In other words, a defendant's 'mere presence' argument will fail in situations where the 'mere' is lacking.' *United States v. Echeverri,* 982 F.2d 675, 678 (1st Cir.1993)." *United States v. Velarde-Gomez*, 224 F.3d 1062, 1074 (9th Cir. 2000), rev'd on reh'g en banc, 269 F.3d 1023 (9th Cir. 2001). Here, the government's case rests upon more than mere presence. Further, the government's proposed jury instructions, [DE 271], which are based on the pattern jury instructions, address the requirement "that the Defendant [be] a willful participant and not merely a knowing spectator." *Id.* at 23, Instruction S7 (Aiding and Abetting; Agency, 18 U.S.C. § 2).

                                                Respectfully submitted,

                                                MICHAEL S. DAVIS
                                                ACTING UNITED STATES ATTORNEY

By:   /s/ Elena Smukler
       Elena Smukler
       Assistant United States Attorney
       Florida Bar No. 91025
       99 N.E. 4th Street
       Miami, Florida 33132
       Tel: (954) 961-9444
       Email: elena.smukler@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 23, 2025, the undersigned electronically filed the foregoing using CM/ECF.

                                                /s/ Elena Smukler
                                                Elena Smukler
                                                Assistant United States Attorney